IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| WILLIAM E. RILEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | NO. 2:05-CV-380 |
| ) | (HCR 92-58) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

This matter is before the Court on the Application for Certificate of Appealability, filed by Petitioner, William E. Riley, on October 27, 2006. For the reasons set forth below, the Court **DENIES** Petitioner a certificate of appealability. The Clerk is **ORDERED** to distribute a copy of this order to Petitioner, Prisoner No. 862229, at the Pendleton Correctional Facility in Pendleton, Indiana, or to such other more recent address that may be on file for Petitioner.

BACKGROUND

On October 15, 1992, Petitioner pled guilty to one count of a 4-count indictment. As a result, he was sentenced to a 30-month term of imprisonment. According to Petitioner, in 1996, he was convicted and sentenced in Lake Superior Court. The state court apparently

enhanced Petitioner's sentence due to the prior federal conviction. Then, Petitioner filed a habeas corpus petition seeking to have his 1992 plea of guilty and resulting conviction vacated, arguing there was no factual basis for accepting the plea.  On September 28, 2006, this Court denied his section 2255 petition, based on the fact that he was no longer is custody for a federal conviction but, rather, was in custody for the state conviction.  Petitioner has filed the instant application again arguing that his plea of guilty and resulting federal conviction should be vacated because there was no factual basis for accepting the plea.  As explained below, this Court rejects the same argument in the current context.

DISCUSSION

A movant seeking to appeal the denial of a section 2255 petition must obtain a certificate of appealability.  28 U.S.C. § 2253(c)(1). Petitioner may obtain a certificate of appealability "only if [he] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Herrera v. United States*, 96 F.3d 1010, 1012 (7th Cir. 1996); *United States v. Maloney*, No. 97 C 7142, 1998 WL 748265, at *1 (N.D. Ill. Oct. 21, 1998).  To satisfy the standard, Petitioner must demonstrate that the issue he wishes to appeal is "debatable among jurists of reason," or that a court could "resolve the issues" differently, or that the questions presented in his request are "adequate to deserve encouragement to proceed further." *Porter v. Gramley,* 112 F.3d 1308, 1312 (7th Cir. 1997) (quoting

*Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)); *Herrera*, 96 F.3d at 1012.

In denying Petitioner's habeas petition, this Court found that he could not pursue a remedy pursuant to section 2255 because he was not in custody pursuant to a federal conviction.  Petitioner has failed to challenge this conclusion in either fact or law.  Upon due consideration, the Court finds that its analysis employed to deny Petitioner's section 2255 petition is not: (1) debatable among jurists of reason; (2) questionable such that another court could resolve the issue differently; or (3) questionable such that Petitioner deserves encouragement to proceed further.  *Porter*, 112 F.3d at 1312; *Herrera*, 96 F.3d at 1012.  Accordingly, Petitioner has not met the "substantial showing" necessary to receive a certificate of appealability.  *Id*.  As a result, his request is **DENIED.**

**DATED:   November 1, 2006**           /s/RUDY LOZANO, Judge
                                        **United States District Court**